UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>vs.<br>ISMAEL PEREZ-ZARCO,<br>　　　　Defendant | 3:06-cr-00039-RCJ-VPC<br><br>**ORDER** |

Currently before the Court are Petitioner Ismael Perez-Zarco's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Mot. to Vacate, June 3, 2008, ECF No. 32) and his Motion to Amend Currently Pending § 2255 Motion (Am. Mot. to Vacate, Sept. 22, 2008, ECF No. 33). For the reasons given herein, the Court denies the motion.

**BACKGROUND**

Petitioner pled guilty to 8 U.S.C. § 1326(a) Unlawful Reentry by a Deported, Removed, and/or Excluded Alien on May 16, 2006. (Minutes of Proceedings, May 16, 2006, ECF No. 17). Because Petitioner had previously committed a violent felony, his term of imprisonment was increased under the United States Sentencing Guidelines. (Gov. Response 3, April 8, 2011, ECF No. 39) The Court took notice of Petitioner's prior convictions in California which consisted of a 2001 conviction for possession of a controlled substance (methamphetamine), a 2002 felony conviction for possession of a controlled substance, and a 2003 conviction for assault with a

firearm. (ECF No. 39 at 3). The Court sentenced Petitioner on August 2, 2006 to 70 months' imprisonment. (J. 2, Aug. 3, 2006, ECF No. 20).

Petitioner pled guilty to the charges and thereby benefitted from a three-level acceptance of responsibility reduction to his advisory guidelines range. (Gov. Response 5, ECF No. 39). Based on this reduction Petitioner's advisory Sentencing Guidelines range was 70-87 months imprisonment as opposed to 92-115 months. (ECF 39 at 3, 5).

The District of Nevada is not a fast-track sentencing district, and there exists a discrepancy in sentencing between districts that use fast-track sentencing and those that do not. Even with Petitioner's three-level reduction, Petitioner still would have benefitted from fast-track sentencing. (ECF No. 32 at 19). Petitioner's counsel advised the Court of this discrepancy in a sentencing memo. (Sentencing Mem. 2–3, July 31, 2006, ECF No. 18). Petitioner's counsel also raised this discrepancy issue on direct appeal. (Notice of Appeal 2–3, Aug. 11, 2006, ECF No. 21). However, the Ninth Circuit affirmed the sentence of 70 months despite the difference in sentence length between fast-track and non-fast-track districts. (Mem./Op. of USCA 1–2, April 13, 2007, ECF No. 29). Petitioner did not seek further review.

During sentencing, Petitioner's counsel advised the Court about Petitioner's family situation. (ECF No. 18 at 2). Consequently, the Court recommended that Petitioner serve his sentence in North Carolina because Petitioner's family was located there. (J. 2, ECF No. 20).

Petitioner now seeks relief under § 2255 claiming ineffective assistance of counsel and error in sentencing. (Mot. to Vacate, ECF No. 32). Petitioner requests that his case be remanded for resentencing. (ECF No. 32 at 20).

**DISCUSSION**

In his motion to vacate, Petitioner makes four claims alleging ineffective assistance of counsel. In his amended motion to vacate, Petitioner makes two sentencing claims.

**I.      Ineffective Assistance of Counsel**

Petitioner makes four ineffective assistance of counsel arguments. First, Petitioner asserts that counsel failed to explain the Sentencing Guidelines to him, thus, making his guilty plea unknowing and involuntary. (ECF No. 32 at 9–10). Second, Petitioner claims that counsel failed to argue that there was an unwarranted sentencing disparity between fast-track and non-fast-track districts. (ECF No. 32 at 19). Third, Petitioner argues that his attorney failed to raise an argument regarding *ex post facto* application of the law. (ECF No. 32 at 11). Finally, Petitioner argues that counsel failed to advocate for a decreased sentence because of family hardship. (ECF No. 32 at 19).

To demonstrate ineffective assistance of counsel two components are required. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient." *Id.* Second, the deficient performance must prejudice the defense. *Id.* Deficiency requires errors so serious that the Sixth Amendment guarantee of counsel is denied. *Id.* Further, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. In addition to showing deficiency, the defendant must show that his defense was prejudiced by "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### *A. Failure to Explain the Sentencing Guidelines*

Petitioner asserts that his appointed counsel failed to correctly advise him when counsel suggested that he plead guilty. (ECF No. 32 at 7). Petitioner alleges that his counsel did not explain the difference between sentencing exposures between going to trial and pleading guilty. (ECF No. 32 at 7). Further, Petitioner argues that it would have been better to go to trial instead

of pleading guilty.[1] (ECF No. 32 at 10). Petitioner argues that counsel's advice should permit "the accused to make an informed and concience [sic] choice." (ECF No. 32 at 9). Consequently, Petitioner argues that because counsel did not fully explain his sentencing exposure to him, his guilty plea was not knowing and voluntary. (ECF No. 32 at 9). Thus, Petitioner asserts that his attorney's failure to explain his sentencing exposure constituted deficient performance and prejudiced his defense because going to trial was the better option.

A guilty plea must be knowing and voluntary "because a guilty plea constitutes a waiver of . . . constitutional rights." *Parke v. Raley*, 506 U.S. 20, 28–29 (1992). "A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (quoting *United States v. Signori*, 844 F.2d 635 (9th Cir. 1988)). Further, even an erroneous sentencing prediction by counsel "does not entitle defendant to challenge his guilty plea." *United States v. Michlin*, 34 F.3d 896, 899 (9th Cir. 1994) (quoting *United States v. Garcia*, 909 F.2d 1345, 1348 (9th Cir. 1990)). However, a "gross mischaracterization of the likely outcome" may provide an exception. *Id.* (quoting *United States v. Turner*, 881 F.2d 684, 687 (9th Cir. 1989)).

Here, counsel gave effective assistance in advising Petitioner to plead guilty, thus, making the plea knowing and voluntary. Although Petitioner asserts that the sentencing guidelines were not explained to him, he must demonstrate that the sentencing advice he received was not within the range of a competent criminal attorney. Petitioner is unable to do so because had Petitioner not followed counsel's advice he would have been exposed to much

---

[1] Petitioner appears to base this argument on the assumption that sentencing would have proceeded differently had he been found guilty by a jury. However, this assertion is incorrect because sentencing procedure does not change based on whether there is a guilty plea or a guilty verdict. *See* U.S.S.G. § 1B1.1 (outlining the general application principles for sentencing).

longer sentencing terms. Without the guilty plea, Petitioner's advisory sentencing guideline range would have been 92-115 months instead of 70-82 months. (ECF No. 39 at 5). Therefore, Petitioner fails to satisfy the first prong of *Strickland*. Moreover, Petitioner is mistaken in his assumption that his sentencing exposure at trial would have been better. (*See* ECF No. 32 at 10, 12). The Sentencing Guidelines factor in prior convictions irrespective of how a defendant is found guilty. *See* U.S.S.G. § 1B1.1; (ECF No. 39 at 3, 5). Thus, counsel's advice was neither erroneous or a "gross mischaracterization of the likely outcome." Therefore, because counsel's advice was "within the range of competence demanded," Petitioner's guilty plea was knowing and voluntary. Further, even if counsel's performance were considered deficient, Petitioner fails to show prejudice. Thus, Petitioner fails to demonstrate ineffective counsel based on counsel's advice to plead guilty. Therefore, because Petitioner's counsel was effective, Petitioner's guilty plea was knowing and voluntary.

### *B. Failure to Argue Disproportionate Sentencing — Fast-Track Sentencing*

Petitioner claims that his counsel failed to raise the issue of a sentencing disparity between fast-track and non-fast-track sentencing districts. (ECF No. 32 at 19). This assertion is incorrect. Petitioner's attorney did raise this issue to the sentencing court, (Def.'s Sentencing Mem. 2, ECF No. 18), and on direct appeal, but the argument was rejected by both the district court and the court of appeals. *See United States v. Perez-Zarco*, 225 Fed. Appx. 589 (9th Cir. 2007). Because the Ninth Circuit disposed of this issue on direct appeal, it is not reviewable in a § 2255 motion. *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979) (holding that "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding").

### *C. Failure to Argue Ex Post Facto Application of the Law*

Petitioner argues that an amendment to the Sentencing Guidelines occurred in 2006

which caused an *ex post facto* problem as applied to him. (ECF No. 32 at 11). He asserts that the definition of "sentence imposed," under U.S.S.G. § 2L1.2(b)(1)(A)(i), was changed so that only sentences that were "suspended" were excluded from calculation as opposed to the previous version which excluded sentences that were "probated, suspended, deferred, or stayed." (ECF No. 32 at 11–12). He asserts that because his prior conviction used to increase his sentence had been probated in 2003, the Court should not have considered it when calculating his advisory guideline range. (ECF No. 32 at 11–12). Because the Court had increased his sentence based on a conviction for assault with a firearm even though the sentence already had been probated, Petitioner contends that the Court made an *ex post facto* application of the law and that his counsel was deficient for failing to raise this issue. (ECF No. 32 at 11–12).

      The Sentencing Guideline section in question is entitled "Unlawfully Entering or Remaining in the United States."  The general provision sets the base offense level at 8. U.S.S.G § 2L1.2(a) (2006). Section 2L1.2(b) sets forth specific offense characteristics. U.S.S.G. § 2L1.2(b). In 2003, the U.S. Sentencing Commission amended the application notes for § 2L1.2 by striking subdivision (A)(iv), which formerly read: "if all or any part of a sentence of imprisonment was probated, suspended, deferred, or stayed, 'sentence imposed' refers only the portion that was not probated, suspended, deferred, or stayed." U.S.S.G. § 2L1.2, comment. (n.1(A)(iv)) (2002). The 2003 amendment provided that: "Subdivision (b)(1) does not apply to a conviction for an offense committed before the defendant was eighteen years of age unless such conviction is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." U.S.S.G. § 2L1.2, comment. (n.1(A)(iv)) (2003). The term "sentence imposed" only appears in two places in U.S.S.G. § 2L.12(b)(1). These two provisions have not been amended, and they state that "a conviction for a felony that is (i) a *drug trafficking offense* for which the sentence imposed exceeded 13 months . . . increase by 16 levels," and "a

conviction for a felony *drug trafficking offense* for which the sentence imposed was 13 months or less, increase by 12 levels." U.S.S.G. § 2L1.2(b)(1)(A)(i), (b)(1)(B) (emphasis added). Section 2L1.2(b)(1)(C) states "a conviction for an aggravated felony, increase by 8 levels." U.S.S.G. § 2L1.2(b)(1)(C). Further, § 2L1.2(b)(1)(A)(iii) increases the base level for "a firearm offense . . . by 16 levels." U.S.S.G. § 2L1.2(b)(1)(A)(iii).

Petitioner's *ex post facto* argument fails because the amendment changing the definition of "sentence imposed" has no relation to violent felonies or firearm offenses, rather it is related to "drug trafficking offense[s] for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L.1.2(b)(1)(A)(i). Petitioner's violent felony — the 2003 conviction of assault with a firearm — relates to a different section. *See* U.S.S.G § 2L1.2(b)(1)(C); U.S.S.G. § 2L1.2(b)(1)(A)(iii). The section that applies to an increase due to an aggravated felony, specifically a firearm offense, does not make reference to the "sentence imposed." Thus, the amended change to the term "sentence imposed" has no effect on the application or use of the Sentencing Guidelines as it pertains to Petitioner's assault with a firearm conviction. Therefore, Petitioner's argument that his attorney should have argued that there was an *ex post facto* application of the law fails because no such argument exists.

### D. Failure to Explain Petitioner's Family-Based Hardship

Petitioner argues that counsel failed to advise the sentencing court about his family situation. (ECF No. 32 at 19). However, Petitioner's assertion that counsel improperly failed to advise the Court about his extraordinary family situation lacks evidence and is controverted by the record. The record demonstrates that counsel raised the issue of Petitioner's family situation during sentencing. To illustrate, counsel's sentencing memo states, "Mr. Perez was traveling to North Carolina to his family to help care for his father." (Sentencing Mem. 2, ECF No. 18). At sentencing, the Court recommended that Petitioner's term sentence be served in North Carolina

where Petitioner's family was located. (J. 2, ECF No. 20). Therefore, because counsel did advise the Court about Petitioner's family situation, Petitioner's argument is incorrect and lacks merit.

## II.     Sentencing Error

Petitioner argues two possible errors in sentencing. Both fail. First, Petitioner argues that the Court applied the Sentencing Guidelines incorrectly. Second, Petitioner asserts an *Apprendi* error. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000).

### A. *Incorrect Application of the Sentencing Guidelines*

Petitioner argues that the Court applied the Sentencing Guidelines in a mandatory manner. (ECF No. 33 at 7). Petitioner argues that because *Booker* held that the Sentencing Guidelines are non-mandatory, he should be resentenced accordingly. (ECF No. 33 at 9–10).

Petitioner's argument is without merit because the Court applied the Sentencing Guidelines in an advisory manner. Petitioner was sentenced in 2006. (J. 1, ECF No. 20). The Supreme Court held that the Sentencing Guidelines were advisory in 2005. *United States v. Booker*, 543 U.S. 220 (2005). Further, at sentencing, Petitioner's counsel argued that the Sentencing Guidelines were merely advisory under *Booker*, thus, allowing the Court to use discretion outside the Sentencing Guidelines. (ECF No. 18 at 3). This issue was raised before the Court at sentencing and, thus, there is no reason to assume that the Court did not apply the Sentencing Guidelines in an advisory manner. Even though the Court chose to follow the Sentencing Guidelines, there is no evidence that the Court applied the Sentencing Guidelines as mandatory.  *See United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (noting that "merely conclusory statements in a § 2255 motion are not enough to require a hearing").

### B. Apprendi *Error*

Petitioner argues that, because his maximum sentence was increased due to a fact found by the Court and not a jury, his sentence was unconstitutional. (ECF No. 32 at 12–13). Further, Petitioner asserts that the *Almendarez-Torres* exception to *Apprendi* does not apply to him because he never admitted that he had committed an aggravated felony. (ECF No. 32 at 12–13). Petitioner contends that the *Almendarez-Torres* exception "is limited to its unique facts," and therefore, should not extend to him. (ECF No. 32 at 13–14). Further, Petitioner argues that *Blakely* further erodes *Almendarez-Torres* such that any increase in punishment must have a basis in fact either admitted to by the defendant or found by the jury beyond a reasonable doubt. (ECF No. 32 at 16).

A judge may use prior convictions as a sentencing factor. *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998). The Supreme Court has held that judicial fact-finding of prior convictions mirrors constitutionally allowed State recidivism penalties, and therefore, is not against any constitutional guarantee. *Id.* at 246-47. In *Apprendi*, the Supreme Court held that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi*, 530 U.S. at 476 (quoting *Jones v. United States*, 526 U.S. 227, 243 (1999)) (internal quotations omitted). Thus, the Supreme Court has held that judicial fact-finding is limited by the Constitution. *See id.*; *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely*, the Court held that increasing a defendant's sentence based on a judicial finding that the defendant acted with deliberate cruelty had "violated petitioner's Sixth Amendment right to trial by jury." *Blakely*, 542 U.S. at 298, 305.

In interpreting those cases, the Ninth Circuit has held that the *Apprendi* decision made an exception to *Almendarez-Torres*' allowance of judicial fact-finding of prior convictions and that *Blakely* did not foreclose such fact-finding. *See United States v. Becerril-Lopez*, 541 F.3d 881,

893 (9th Cir. 2008) (explaining that the *Almendarez-Torres* exception is still valid and remains binding authority).

Here, the judicial fact-finding was limited to prior convictions. The increase in Petitioner's advisory sentencing guidelines was due to his prior convictions which included possession of a controlled substance, possession of a firearm by a felon, and assault with a firearm. (ECF No. 39 at 3). Because the *Almendarez-Torres* exception allows judicial fact-finding of prior convictions and Petitioner's judicial fact-finding was limited to prior convictions, there is no *Apprendi* error.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Petition for Relief Under 28 U.S.C. § 2255 on Motion to Set Aside, Vacate, or Correct Sentence (ECF No. 32) and the Motion to Amend (ECF No. 33) are DENIED.

DATED: This 14th day of July, 2011.

_____
United States District Judge